**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**HARRY W. SMITH,**

    Plaintiff,

v.     Civil Action No. **3:23CV317 (RCY)**

**WARDEN MILLER,** *et al.***,**

    Defendants.

**MEMORANDUM OPINION**

Harry W. Smith, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is proceeding on Smith's Second Particularized Complaint. ECF No. 14.[2] The matter is before the Court on the Partial Motion to Dismiss filed by Warden Miller, Assistant Warden Oates, Captain Epps, Major Artis, Officer Walker, Lt. Sesay, Sgt. D. Vaughan, Sgt. Barnes-Curry, Officer Holloway, J. Deberry, D. Hudson, Mr. Engelke, Natarsha Gregg, and J. Harris (hereinafter, "Defendants"), ECF No. 31, as well as Smith's Motion for a Temporary Injunction, ECF No. 36. Additionally, the Court will screen the matter pursuant to pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. The Defendants and the Court provided Smith

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] The Court employs the spelling of Defendants' names and the titles of Defendants from Defendants' Motion to Dismiss. ECF No. 31, at 1. Officer Moody, Sgt. Barnes, and Lt. Williams have not made an appearance.

with appropriate *Roseboro* notice.³  ECF No. 31, at 2; ECF No. 46.  For the reasons set forth below, the Partial Motion to Dismiss, ECF No. 31, will be GRANTED.

## I.  STANDARD OF REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A.  The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless."  *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).  The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff.  *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.  This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

---

³ *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ALLEGATIONS AND CLAIMS

Smith is a Jewish rabbi. ECF No. 14, at 2. Smith's religious belief require that he keep Kosher. *Id.* Smith asserts that the dining hall and kitchen at his institution are not Kosher. *Id.* at 2–5. As part of his Kosher diet, Smith is provided with raw fruits and vegetables and other items, but there is no way to properly prepare them in the dining hall. *Id.* at 2–3.

The food provided during Passover was not certified as Kosher. *Id.* at 5. Thereafter, Smith raises the following claims:

| | |
|---|---|
| Claim 1: | Warden Miller violated Smith's right to the free exercise of his religion "by not allowing [Smith] to either carry his meals to his housing unit or have them delivered to avoid the spiritually unclean environment of the dining area." *Id.* at 8. |
| Claim 2: | Assistant Warden Oates violated Smith's right to the free exercise of his religion "by not allowing [Smith] to either carry his meals to his housing unit or have them delivered." *Id.* |
| Claim 3: | Defendants Walker, Williams, Epps, Artis, Sesay, Vaughan, Barnes-Curry, Holloway, Barnes, and Moody violated Smith's right to the free exercise of his religion by not allowing Smith to carry his meals out of the dining hall. *Id.* at 9. |
| Claim 4: | Defendants Gregg and Engelke violated Smith's right to the free exercise of his religion by sending food for Passover that was not Kosher. *Id.* |
| Claim 5: | Defendants Oates and Hudson violated Smith's right to the free exercise of his religion by providing false information on Smith's grievance by suggesting the food items provided for Passover were Kosher. *Id.* at 9–10. |
| Claim 6: | Defendants DeBerry and Hudson violated Smith's right to the free exercise of "his religion and his right to grieve the government by deliberately delaying and misrouting the complaints and grievances." *Id.* at 10. |
| Claim 7: | Defendant Harris violated Smith's "right to freely exercise his religion by supplying false statements on the complaints concerning [Smith's] inability to properly prepare and consume his meals . . . ." *Id.* |
| Claim 8: | Defendants Miller and Oates violated Smith's right under the Religious Land Use and Institutionalized Person's Act ("RLUIPA") by not allowing Smith to carry his meals to his housing unit. *Id.* at 11. |
| Claim 9: | Defendants Miller, Oates, Walker, Williams, Epps, Artis, Sesay, Vaughan, Barnes-Curry, Holloway, Barnes, Moody, Hudson, and Harris violated Smith's rights under RLUIPA. *Id.* at 12. |

Defendants have moved to dismiss Claims 5, 6, 7, and 9.

### III. ANALYSIS OF THE PARTIAL MOTION TO DISMISS

**A. Free Exercise (Claims 5, 6, and 7)**

In order to state a claim under the Free Exercise Clause of the First Amendment, Smith must allege facts that reflect "(1) that he holds a sincere belief that is religious in nature" and (2) that the relevant defendant imposed a substantial burden on the practice of his religion. *Whitehouse v. Johnson*, No. 1:10cv1175 (CMH/JFA), 2011 WL 5843622, at *4 (E.D. Va. Nov. 18, 2011) (citing *Hernandez v. Comm'r*, 490 U.S. 680, 699 (1989)). In Claim 5, Smith contends that Defendants Oates and Hudson violated his right to the free exercise of his religion by providing false information in response to his grievance by suggesting the food served for Passover was Kosher. Generally, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to [a constitutional] violation." *George v. Smith*, 507 F.3d 605, 609–10 (7th Cir. 2007) (stating further that "[a] guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not"). Smith's allegations that Defendants Oates and Hudson responded inappropriately to his later-filed grievances do not establish that those Defendants substantially burdened the exercise of Smith's religion. *See Brooks v. Beard*, 167 F. App'x 923, 925 (3rd Cir. 2006). Accordingly, Claim 5 will be DISMISSED.

Similarly, in Claims 6 and 7, Smith contends that Defendants DeBerry, Hudson and Harris violated Smith's right to the free exercise of his religion by mishandling his complaints and grievances or by providing false information in response to those complaints and grievances. Once again, Smith's allegations that Defendants mishandled his after-filed grievances fail to demonstrate that Defendants substantially burdened the exercise of his religion. *See Brooks*, 167 F. App'x at 925. Furthermore, "inmates have no constitutional entitlement or due process interest

5

in access to a grievance procedure." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017). Accordingly, Claims 6 and 7 will also be DISMISSED.

## B. RLUIPA (Claim 9)

RLUIPA provides, in pertinent part, that:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person—
> **(1)** is in furtherance of a compelling governmental interest; and
> **(2)** is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc–1(a). Thus, to begin, Smith must demonstrate that Defendants' actions imposed a "substantial burden" on the exercise of his religion. To determine whether Smith has met this standard, the Court must answer two questions: "(1) Is the burdened activity 'religious exercise,' and if so (2) is the burden 'substantial?'" *Adkins v. Kaspar*, 393 F.3d 559, 567 (5th Cir. 2004); *see Couch v. Jabe*, 679 F.3d 197, 200–01 (4th Cir. 2012) (employing similar two-part inquiry).

With respect to Claim 9, Smith contends that Defendants Miller, Oates, Walker, Williams, Epps, Artis, Sesay, Vaughn, Curry, Holloway, Barnes, Moody, Hudson, and Harris violated his rights under RLUIPA. But, Smith fails to articulate how this is so. To the extent that Smith contends that these Defendants violated his rights by preventing him from taking his meals to his housing unit, this claim is redundant of Claim 8, because his only remedy would be declaratory and injunctive relief against the Defendants in their official capacity.[4] Accordingly, Claim 9 will be DISMISSED WITHOUT PREJUDICE to his parallel litigation of Claim 8.

---

[4] It is well "settled that RLUIPA does not authorize a private cause of action for money damages against state officials in their official or personal capacities." *Smith v. Booth*, No. 3:19CV75–HEH, 2021 WL 710367, at *4 (E.D. Va. Feb. 23, 2021) (citing *Sossamon v. Texas*, 563 U.S. 277, 293 (2011); *Rendelman v. Rouse*, 569 F.3d 182, 189 (4th Cir. 2009); *Haight v. Thompson*, 763 F.3d 554, 569–70 (6th Cir. 2014)).

## IV.  MOTION FOR A TEMPORARY INJUNCTION

Smith has moved for "a temporary injunction in order to be able to either have his meals delivered or to be able to pick up his meals and carry them back to [his] housing unit . . . ."  (ECF No. 36, at 1.)  Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly.  *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811, 816 (4th Cir. 1991).  As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by a "clear showing:"  (1) that he is likely to succeed on the merits at trial; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest.  *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008) (citations omitted).  Each of these four factors must be satisfied before interlocutory injunctive relief is warranted.  *Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 347, (4th Cir. 2009), *vacated and remanded on other grounds*, 559 U.S. 1089 (2010), *reinstated in relevant part*, 607 F.3d 355 (4th Cir. 2010).  Smith, as the party seeking a preliminary injunction, bears the burden of establishing that each factor supports granting the injunction.  *Real Truth*, 575 F.3d at 346.  Each factor must be demonstrated by a "clear showing."  *Winter*, 555 U.S. at 22.  The failure to show any one of the relevant factors mandates denial of the preliminary injunction.  *Real Truth*, 575 F.3d at 346.

Here, Smith relies on his unsworn allegations that his religious rights were violated.  Smith has not submitted any evidence to establish the four relevant factors.  *Williams Ohio Valley Midstream, LLC v. Kittle*, No. 23-2185, 2024 WL 3325532, at *4 (4th Cir. July 8, 2024) (reversing grant of preliminary injunction when plaintiff failed to submit evidence of irreparable harm).  Further, Defendants have submitted evidence that Smith's rights were not violated and that has

7

failed to exhaust his administrative remedies prior to bringing the action. Because Smith fails to establish that he is likely to succeed on the merits at trial, his Motion for a Temporary Injunction, ECF No. 36, will be DENIED.

## V.  CONCLUSION

The Partial Motion to Dismiss (ECF No. 31) will be GRANTED. Claims 5, 6, and 7 will be DISMISSED WITH PREJUDICE. Claim 9 will be DISMISSED WITHOUT PREJUDICE. The Motion for a Temporary Injunction (ECF No. 36) will be DENIED. Any party wishing to file a motion for summary judgment must do so within sixty (60) days of the date of entry hereof.

An appropriate Order will accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Date: March 18, 2025
Richmond, Virginia